# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| TRAYON ROBINSON<br>1008 9th St., N.E.<br>Washington, D.C. 20002<br><br>   Plaintiff<br><br> v.<br><br>SECURITAS SERVICES, INC.<br>c/o National Registered Agents, Inc.<br>1090 Vermont Ave., NW # 910<br>Washington, D.C. 20005<br><br>   Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:  Case No. **11-cv-00451-JEB**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## AMENDED COMPLAINT

NOW COMES, Trayon Robinson, hereinafter "Robinson" or "Plaintiff" with an amended complaint against Securitas Services, Inc., hereinafter "Securitas" or "Defendant" for wrongful discharge in violation of public policy, breach of contract, and defamation.

## JURISDICTION & VENUE

This action is before this court due to the removal by the defendant from the District of Columbia Superior Court. See Robinson v. SECURITAS, Case No. 2001 CA 000248-11. This dispute also implicates Title 42 U.S.C. § 1981.

## PARTIES

Ms. Trayon Robinson is a District of Columbia Citizen formerly employed by SECURITAS as a Security Officer responding for providing security to students,

teachers, and visitors to the District of Columbia Public School ("DCPS") to which she was assigned.

Securitas is Delaware Corporate Citizen licensed to do business in the District of Columbia, Ex. 1, and is a security firm employing personnel to provide physical security to DCPS physical facilities and personnel.

## BACKGROUND

1. SECURITAS in its online literature admits that it provides "basic security . . . safety . . . and makes a positive contribution to society." Ex. 2. The promises at Ex. 2 form the basis for hiring at SECUTITAS, in that each employee is indoctrinated as to his or her responsibility to fulfill the pledge that SECURITAS makes those that employ it.

2. SECURITAS also publishes and enforces a "Code of Conduct" hereinafter the "Code", by its employees with their respective representative dealings with the community at large. Ex. 3 - Ex. 3A. Therein SECURITAS promises to "protect . . . workplaces and communities." The Code identifies as "fundamental values" the promises it makes its client: (1) Integrity; (2) Vigilance; and (3) Helpfulness. The Code charges its employees and promises its client base that "SECURITAS insists that the principles in this Code of Conduct are respected applied throughout the organization, and within SECURITAS' sphere of influence . . ." Ex. 3.

3. Under the "Employees" section, the Code reads "SECURITAS is a business based on trust. To make sure that our customers trust us requires that all employees respect and protect our ethical philosophy and basic values as reflected in this code and in SECURITAS' employee guide "Basic Values." Ex. 3.

4.     Other portions of the Code include "Business Ethics", "Dialogue", and "implementation."  Ex. 3A.  The Code, incorporated herein in its entirety establishes the performance standard for Captain Boyd and other employed by SECURITAS.

5.     Student safety and an environment where learning may take place free from threats or intimidation is an issue of public concern.  The decision to hire a full time security force, in the instant action SECURITAS, to protect children attending DCPS was a decision made in the furtherance of that public policy.

6.     Therefore the promises made by SECURITAS to DCPS and the community at large, the training, equipping, supervision, and payment of that security force is a public policy concern especially where it can be shown that SECURITAS knowingly placed the public at risk for personal profit.

7.     Officer Robinson complained to management about the lack of proper training she received, the absence of defensive equipment, shortage of personnel, and how the lack of communications equipment necessary for her to perform her security officer functions impacted safety at the school to which she was assigned.

8.     Officer Robinson also complained to management about the failure to SECURITAS to pay her a full salary for a full weeks work.  As a matter of practice, SECURITAS would short the paychecks of Officer Robinson at least once every two (2) pay periods.

9.     On or about October 7, 2010 Officer Robinson was assigned to Ballou High School, Washington, D.C.

10.    District of Columbia Metropolitan Police (DCMPD) was on the lookout for a male student identified as having threatened the Ballou Principal.  A warrant had

been issued for the student's arrest, and DCMPD concluded that staking out the school would lead to the apprehension of the person of interest.

    11.    SECURITAS failed to inform Officer Robinson of the threat, did not inform her of the presence of DCMPD officers, did not assign a second officer to assist her, and did not provide her a phone by which she might call for assistance.

    12.    When the person of interest entered the school he was confronted by the DCMPD Officer. A struggle ensued and Officer Robinson rendered assistance. During the melee the DCMPD Officer was injured by either mace or pepper spray.[1] SECURITAS accused Officer Robinson of causing the injury and gave her NOTICE she was to be terminated.

    13. The specific allegations against Officer Robinson were levied on October 13, 2010 by SECURITAS Project Manager (PM) Rita Gray. At a meeting called by PM Gray, Officer Robinson was accused of the following:

    a.    It was reported that "Officer Trayon Robinson used a wand to perform a secondary check of a student after the magnetometer alerted when he passed through."

    b.    It is further alleged that "Officer Robinson did not conduct the wand check in accordance with her training."

    c.    And alleged that "Officer Robinson only checked the front of the student's body and did not have him turn around for a complete check with the wand."

    d.    As a result of these allegations Officer Robinson was charged with a "direct violation of training and our policies."

Officer Robinson was summarily terminated on October 14, 2010.

---

[1] The Laboratory results had not been provide as of this filing.

4

14. A review of SECURITAS training records reveals that Officer Robinson was not provided "ANY" training on the use of the wand prior to being deployed to provide security in the District of Columbia Public Schools.

15. On the day Officer Robinson was to be trained on the use of the wand, she was removed from the class to support another SECURITAS operation headed up by Captain Kevin Hessing.  The evidence will show that cancelled training or failure to train is the norm amongst SECURITAS employees.

16. SECURITAS' management blamed the Officer Robinson for the injuries to the District of Columbia Police Officer and for the person of interest entering the facility.

17. After terminating Officer Robinson, SECURITAS declined to follow its own Grievance Arbitration Policy.  See Ex. 4, Article XXIII et seq.

18. Officer Robinson retained counsel and filed a comprehensive complaint with SECURITAS on October 27, 2919.  Ex. 5.

19. SECURITAS responded on October 28, 2010 and acknowledged receipt of the grievance filed by Officer Robinson.  Ex. 6.

20. On December 6, 2010 Undersigned counsel wrote SECURITAS a second letter of complaint.  Ex. 7.

21. SECURITAS responded on December 13, 2010 wherein SECURITAS' Legal Department declined to act to forestall litigation.  Ex. 8.

22. Officer Robinson having no alternative filed a civil action in Superior Court. SECURITAS removed this action from Superior Court on February 25, 2011.  Officer Robinson claims the right to make and enforce contracts as that right is protected at Title 42 U.S.C. § 1981, and hereby alleges the following causes of action:

## Count I
## Wrongful Termination

23.     Officer Robinson incorporates paragraphs 1 - 22 as if stated herein and further states that she spoke out to inform her superiors of conditions that precluded her from providing a safe secure environment at the school to which she was assigned and in support of the public policy decision to provide physical security officers in the school system.

24.     In order to cover up its own policy and operations shortfalls, SECURITAS terminated Officer Robinson after she put herself at risk providing security at the DCPD facility despite lacking the training and equipment necessary to facilitate a secure environment.

WHEREFORE Officer Robinson seeks compensation of $1,000,000 in compensatory damages, punitive damages of $3,000,000, the cost for bringing this action, and attorney's fees.

## Count II
## Breach of Contract

25.     Officer Robinson Boyd incorporates paragraphs 1 - 24 as if stated herein and further states that his employment contract required that he conduct the duties detailed at Ex. 2, and Ex. 3-3A.

26.     Officer Robinson alleges that on or about October 7, 2010 Securitas (1) breached the terms of her employment contract; (2) barred her from accomplishing her assigned duties; (3) failed to properly equip her; (4) and did so retaliation for her complaining about her workplace conditions that put herself and those she is charged with protecting at risk.

WHEREFORE Officer Robinson seeks compensation of $1,000,000 in compensatory damages, the cost for bringing this action, and attorney's fees.

## Count II
### Defamation

27.    Officer Robinson incorporates paragraphs 1 - 26 as if stated herein and further states that SECURITAS knowingly published information about Officer Robinson that it knew to be false in order to cover up its improper termination of her employment.

28.    Officer Robinson was damaged in her good name and standing in her professional community by the defaming and damaging statements published by SECURITAS.

29.    Officer Robinson has suffered severe emotional damage as a direct result of her treatment at the hands of SECURITAS and is now under treatment at the Veterans Hospital, Washington, D.C.

WHEREFORE Officer Robinson seeks compensation of $1,000,000 in compensatory damages, punitive damages of $3,000,000, the cost for bringing this action, and attorney's fees.

Respectfully Submitted,

/s/
E. Scott Frison, Jr., Esq.
Bar No. 478092
1629 K St., NW, Ste. 300
Washington, D.C. 20036
240-398-9283 (phone)

### Prayer

Officer Robinson requests a Jury Trial.

/s/
E. Scott Frison, Jr., Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the Amended Complaint was served on April 14, 2011 by electronic filing.

/s/
E. Scott Frison, Jr., Esq.